UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GEORGE O MITCHELL, CALVIN MALONE, MATTHEW HOPKINS, CHARLES ROBINSON,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF WASHINGTON, WASHINGTON DEPARTMENT OF SOCIAL HEALTH SERVICES, KEVIN W QUIGLEY, JOHN CLAYTON, MARK STRONG, LESLIE SZIEBERT, GALINA DIXON, KIM DEITCH, DEBORAH BURNEY, JOHN DOES 1-50, JANE DOES 1-50.<br><br>Defendants. | CASE NO. 3:15-CV-05226-RBL-DWC<br><br>REPORT AND RECOMMENDATION ON CORRECTING IMPROPER PERMISSIVE JOINDER.<br><br>NOTING DATE: June 26, 2015 |

Plaintiffs, four Washington State civilly committed detainees proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1997 alleging violations of rights under the Eighth Amendment, the Fourteenth Amendment Due Process Clause, the Fourteenth Amendment Equal Protection Clause, and under the Equal Protection Clause of the

REPORT AND RECOMMENDATION ON
CORRECTING IMPROPER PERMISSIVE
JOINDER. - 1

Washington State Constitution. As the Plaintiffs do not allege a cause of action arising from the same transaction or occurrence, nor do they allege a common question of law or fact, the Court recommends the entry of an order pursuant to Rule 21 of the Federal Rules of Civil Procedure:

1. dismissing the claims of Plaintiffs Malone, Hopkins, and Robinson without prejudice;

2. ordering Plaintiff Mitchell to file an amended complaint addressing only his individual claims within thirty days of the date of the order, and;

3. ordering Plaintiffs Malone, Hopkins, and Robinson, if they choose to re-file their claims, to proceed in separate cases, file new complaints which address only their individual claims, and pay a new filing fee or file an application to proceed *in forma pauperis*.

## STANDARD OF REVIEW

Under Rule 21 of the Federal Rules of Civil Procedure, a court may, on its own, correct a misjoinder of parties or claims by adding or dropping a party or severing any claim. Parties are considered misjoined if they do not satisfy the test for permissive joinder articulated in Rule 20 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 21, *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010) (citing *Pan Am. World Airways, Inc. v. U.S. Dist. Court for Cent. Dist. Of Cal.*, 523 F.2d 1073, 1079 (9th Cir. 1975). The Court can generally dismiss all but the first named plaintiff without prejudice to the institution of new, separate lawsuits by the dropped plaintiffs. *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997), *Taddeo v. American Invsco Corp.*, 2012 WL 1947897, at *1 (D. Nev. 2012). A court may not drop a party or sever a claim, however, if a substantial right of the parties would be prejudiced by the severance. *Coughlin*, 130 F.3d. at 1351.

REPORT AND RECOMMENDATION ON
CORRECTING IMPROPER PERMISSIVE
JOINDER. - 2

**DISCUSSION**

Under Rule 20(a) of the Federal Rules of Civil Procedure, multiple persons may join as plaintiffs to an action only if:

> (A) They assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) Any question of law or fact common to all plaintiffs will arise in the action.

Fed.R.Civ.P. 20(a). *See also Coughlin*, 130 F.3d at 1351. Joinder is proper only if both requirements are satisfied. *League to Save Lake Tahoe v. Tahoe Regional Planning Agency*, 558 F.2d 914, 917 (9th Cir. 1977).

In this case, the Plaintiffs do not satisfy either element of the test for permissive joinder. First, for claims to arise out of the same transaction, occurrence, or series of transactions or occurrences, the claims must have a "similarity in the factual background" or "arise out of a systematic pattern of events." *Bautista v. Los Angeles*, 216 F.3d 837, 842-43 (9th Cir. 2000) (Reinhardt, J., concurring)(quoting *Coughlin*, 130 F.3d *at* 1350). The Plaintiffs in this case have pled several causes of action, including claims of constitutionally deficient medical care in violation of the Eighth Amendment, lack of a grievance policy in violation of the Fourteenth Amendment's Equal Protection Clause, and unconstitutional conditions of confinement in violation of the Eighth and Fourteenth Amendments. However, each Plaintiff has alleged different violations of these rights by numerous individual Defendants.[1] The injuries alleged,

---

[1] Though the Court does not formally address this issue as part of its report and recommendations, the Court notes the Plaintiffs have also joined the State of Washington and several state agencies, including the Washington Department of Social and Health Services and the State of Washington Special Commitment Center, as Defendants in this case. Dkt. 1, at 4. These are not proper defendants in a claim brought pursuant to Section 1983. States are not considered "persons" as that term is used in Section 1983. *See Arizonans for Official English v.*

1 furthermore, vary greatly from Plaintiff to Plaintiff. For example, the Plaintiffs' claims
2 concerning inadequate medical care all arise from different alleged actions, inactions, or
3 omissions on the part of different Defendants, occurring at different times over a several year
4 period, and relating to highly individualized medical conditions and circumstances. *See* Dkt. 1, at
5 6-26, 30-31The Plaintiffs' allegations concerning the lack of a grievance process also arise out of
6 factual and legal postures distinct for each of the Plaintiffs: two of the four Plaintiffs, for
7 example, pled they actually filed grievances which were denied for different reasons, while the
8 remaining Plaintiffs never attempted to file a grievance. Dkt. 1, at 23. "Similar common
9 allegations of constitutional violations do not, in and of itself, suffice to create a common
10 transaction or occurrence." *Carter v. Foulk*, 2009 WL 839105, *2 (N.D. Cal. 2009) (citing
11 *Coughlin*, 130 F.3d *at* 1530). *See also Coughlin*, 130 F.3d *at* 1350 (holding the mere existence of
12 an alleged delay in the processing of multiple INS visa applications was not sufficient to create a
13 common transaction or occurrence, as there were many possible reasons for the delay, all
14 potentially unique to each plaintiff).
15      Plaintiffs try to unify these otherwise disparate claims through a conclusory allegation of
16 the existence of a "systemic policy of callous and deliberate indifference" to the medical needs
17 of Special Commitment Center detainees. Dkt. 1 at 35. Even after giving the Plaintiffs' pleadings

---

*Arizona*, 520 U.S. 43, 69 (1997). Further, state government agencies are also not considered persons for purposes of Section 1983, as they are "arms of the state." *See Howlett v. Rose*, 496 U.S. 356, 365 (1990). *See also Durning v. Citibank, N.A.*, 950 F.2d 1419, 1423 (9th Cir. 1991) (holding state agencies are entitled to the same immunity from suit as the state itself, as "the state is the real, substantial party in interest"). Finally, the fact Plaintiffs filed claims pursuant to 42 U.S.C. § 1997 does not remedy this defect. 42 U.S.C. § 1997a does not provide for a private right of action. *See McRorie v. Shimoda*, 795 F.2d 780, 782, n.3 (9th Cir. 1986), (citing 42 U.S.C. 1997j), *but cf U.S. v. State of Oregon*, 839 F.2d 635 (9th Cir. 1988) (allowing residents of a state medical institution to intervene in a 42 U.S.C. § 1997a action brought by the Attorney General).

REPORT AND RECOMMENDATION ON
CORRECTING IMPROPER PERMISSIVE
JOINDER. - 4

the liberal construction afforded to *pro se* litigants, this allegation is nonetheless directly contradicted by the specific and distinct facts and injuries alleged by the four Plaintiffs. For example, Plaintiff Mitchell alleges deficiencies in the choice of treatment methodology prescribed for his Hepatitis-C. Dkt. 1, at 6-11. Plaintiff Malone, by contrast, alleges a delay in the receipt of medical care for a ruptured Achilles tendon. Dkt. 1, at 11-15. The claims of Plaintiffs Robinson and Hopkins are similarly diverse, as both allege a bevy of defects in the timing and methodology of their medical care for the treatment of a broken leg and the diagnosis of the cause of rectal bleeding, respectively. Dkt. 1, at 16-26.  Further, Plaintiffs allege SCC Medical Director Leslie Sziebert had a "negative[] predispos[ition]" towards SCC residents, and this negative predisposition was the moving force behind the alleged "systemic policy" of deliberate indifference. Dkt. 35. However, this allegation is belied by both the complete absence of factual allegations demonstrating this "negative[] predispos[ition]," and the fact Plaintiffs Malone, Robinson, and Hopkins do not allege Dr. Sziebert did anything adverse, directly or indirectly, during the course of their treatment. *See Dkt.* 1, at 11-26, 35. Indeed, Plaintiff Malone does not allege Dr. Sziebert was aware of his specific medical condition at all, and Plaintiff Robinson alleges Dr. Sziebert actively and personally treated his specific medical condition. Dkt. 11-15, 18. Merely alleging a systematic policy existed or a series of transactions occurred is not enough to create grounds for permissible joinder; if the pleadings reflect a lack of uniformity in the plaintiffs' interactions with the defendants, permissive joinder should not be allowed. *Visendi v. Bank of America*, 733 F.3d 863, 870 (9th Cir. 2013) (*citing Coughlin*, 130 F.3d at 1351) ("While Plaintiffs allege in conclusory fashion that Defendants' misconduct was 'regular and systematic,' their interactions with Defendants were not uniform. Factual disparities of the magnitude alleged are too great to support permissive joinder.").

REPORT AND RECOMMENDATION ON
CORRECTING IMPROPER PERMISSIVE
JOINDER. - 5

Second, permissive joinder is only proper if there is at least one question of law or fact in common to all Plaintiffs in the action. Fed. R. Civ. P. 20(a). "The mere fact that all Plaintiffs' claims arise under the same general law does not necessarily establish a common question of law or fact." *Coughlin*, 130 F.3d *at* 1351. In addition to requiring a distinct factual analysis for each of the Plaintiffs in this case, the Plaintiffs' allegations potentially implicate questions of law and procedure exclusive to each Plaintiff. Despite the Plaintiff's allegations of a "systemic policy of callous and deliberate indifference," it is clear the resolution of each Plaintiff's claims of deficient medical care will require "personalized attention," thus defeating the goal of Rule 20 to "promote judicial economy, and reduce inconvenience, delay, and added expense." *Coughlin*, 130 F.3d at 1351 (citing *Guedry v. Marino*, 164 F.R.D. 181, 185 (E.D. La. 1995). *See also Carter*, 2009 WL 839105, at *3, *Taddeo,* 2012 WL 1947897, at *1.

Finally, no substantial right of the Plaintiffs would be prejudiced by separating the case. In fact, the Court believes separating the Plaintiffs' claims into separate cases would work to safeguard each Plaintiff's rights. In the case of *pro se* plaintiffs, every pleading, written motion, or other paper must be signed by all plaintiffs. *See* Fed. R. Civ. P. 11(a). Plaintiffs Mitchell and Malone recently attempted to issue waiver of service forms to the Washington State Office of the Attorney General, purportedly on behalf of themselves as well as Plaintiffs Hopkins and Robinson. Dkt. 3 at 2. However, only Plaintiffs Mitchell and Malone signed the affidavit submitted to the Court. As all four Plaintiffs would necessarily need to sign every pleading, motion, or other paper submitted in this case, including documents purporting to swear service of process (or a waiver thereof) was issued to another party, this pleading is deficient. "The failure of any Plaintiff to sign a particular pleading could be prejudicial to him and possibly subject his claim to dismissal." *Carter,* 2009 WL 839105, at 3. Separating the Plaintiffs' claims into four

separate actions would reduce the risk of this pleading defect occurring again, and would prevent any future failure to comply with Rule 11 from prejudicing the rights of any of the putative co-Plaintiffs.

## CONCLUSION

The Plaintiffs have failed to plead facts sufficient to satisfy the requirements for permissive joinder. Further, separating the Plaintiffs' claims into four cases would serve the interests of justice by: a) preventing a deficiency on the part of one of the Plaintiff's pleadings from adversely impacting the rights of the other Plaintiffs; b) ensuring multiple different pleadings purporting to achieve the same end are not filed in one case; and c) preventing undue delays in order to accommodate the difficulties inherent in arranging for four civilly committed detainees to coordinate and sign their pleadings. Therefore, the undersigned recommends the entry of an order:

1. dismissing the claims of Plaintiffs Malone, Hopkins, and Robinson from Case 3:15-cv-05226 without prejudice;

2. ordering Plaintiff Mitchell to file an amended complaint addressing only his individual claims within thirty days of the date of the order, and;

3. ordering Plaintiffs Malone, Hopkins, and Robinson, if they choose to re-file their claims, to proceed in separate cases, file new complaints which address only their individual claims, and pay a new filing fee or file an application to proceed *in forma pauperis*.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

REPORT AND RECOMMENDATION ON CORRECTING IMPROPER PERMISSIVE JOINDER. - 7

1  imposed by Rule 72(b), the clerk is directed to set the matter for consideration on June 26, 2015,

2  as noted in the caption.

3

4     Dated this 27th day of May, 2015.

5

6

7                                     David W. Christel
                                    United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION ON CORRECTING IMPROPER PERMISSIVE JOINDER. - 8