UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GEORGE O. MITCHELL,<br><br>        Plaintiff,<br><br>   v.<br><br>LESLIE SZIEBERT,<br><br>        Defendant. | CASE NO. 3:15-CV-05226-RBL-DWC<br><br>ORDER ON PLAINTIFF'S MOTION FOR ENLARGEMENT OF TIME TO COMPLETE DISCOVERY AND PLAINTIFF'S MOTION TO COMPEL DISCOVERY |

    The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Before the Court is Plaintiff's Plaintiff's Motion to Compel Discovery (Dkt. 49) and Motion for Rule 6(b) Enlargement of Time to Complete Discovery (Dkt. 51).

    **I.**    **Motion to Compel Discovery**

    Plaintiff is a civilly-committed detainee at the Washington State Special Commitment Center ("SCC"). Dkt. 15, p. 1. As Plaintiff is involuntarily committed at the SCC, Plaintiff is unable to leave the confines of the SCC to conduct discovery. Plaintiff alleges he is unable to

ORDER ON PLAINTIFF'S MOTION FOR
ENLARGEMENT OF TIME TO COMPLETE
DISCOVERY AND PLAINTIFF'S MOTION TO
COMPEL DISCOVERY - 1

afford a court reporter to transcribe any depositions. Dkt. 49, p. 3. Plaintiff also alleges he is unable to record the audio from any deposition he were to take, as SCC residents are prohibited from owning or otherwise having access to audio recording devices. Dkt. 49, p. 3. Plaintiff has moved for an order pursuant to Rule 37 of the Federal Rules of Civil Procedure: 1) requesting to depose Defendant Leslie Sziebert; and 2) "grant[ing] permission" for Plaintiff to bring a recording device into the SCC in order to record the depositions of Defendant Sziebert. Dkt. 49, p. 4. [1]

First, under Rule 37, a party may move to compel a deponent to answer a question, or to compel a party to attend their own deposition. Fed. R. Civ. P. 37(a)(3) & 37(d). But, Plaintiff attached a letter from Defendant Sziebert's counsel, Gregory G. Silvey, indicating he intended to "work with [Plaintiff] to schedule an agreeable time" to take Defendant Sziebert's deposition, and that Plaintiff had the obligation to make arrangements for the deposition in compliance with the Federal Rules of Civil Procedure. Dkt. 49, p. 17.[2] To the extent Plaintiff is seeking to compel Defendant Sziebert to attend his own deposition, such a motion is premature.

Second, Plaintiff couches his request for a tape recorder as motion to compel discovery under Federal Rule of Civil Procedure 37(a)(2); however, Plaintiff's motion cannot properly be considered a motion to compel. Plaintiff is not requesting Defendant Sziebert be compelled to disclose facts, produce discovery, or answer deposition questions. Instead, Plaintiff is requesting

---

[1] Plaintiff indicates someone named David Dearinger is in possession of the recording devices, and is able to bring them to the SCC. David Dearinger is not a party to this case. Further, his relationship to the parties, his qualifications to be an impartial custodian of the tape recorders, his clearance to visit the SCC, and a host of other questions pertaining to his identity, fitness, and security are unanswered throughout Plaintiff's briefing. To the extent Plaintiff is asking the Court to permit Mr. Dearinger to enter onto SCC grounds, such a request is denied.

[2] Though Plaintiff indicates in his motion he would like to take the deposition of Defendant Sziebert on December 7, 2016, Plaintiff does not provide any evidence he has noticed the depositions of Defendant Sziebert as he was required to do under Rule 30(b).

ORDER ON PLAINTIFF'S MOTION FOR
ENLARGEMENT OF TIME TO COMPLETE
DISCOVERY AND PLAINTIFF'S MOTION TO
COMPEL DISCOVERY - 2

the Court compel a non-party (namely, the SCC itself) to alter its security protocols to permit Plaintiff to have access to a tape recorder on SCC grounds, so that he may comply with his obligations under Rule 30 to procure some form of transcription or recording of an oral deposition. Rule 37(a)(2) does not contemplate such relief, and Plaintiff has provided no authority to the Court suggesting otherwise.

In any event, Plaintiff has not demonstrated his proposed relief is necessary or even appropriate. Defendant Sziebert proposed at least one less-burdensome alternative to Plaintiff's requested relief: namely, Plaintiff may conduct the deposition via telephone, with the deponent and the recording device located outside of the SCC. *See* Fed. R. Civ. P. 30(b)(4)("the parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means."). As Plaintiff indicates a tape recorder is *available*, just not *accessible* to Plaintiff while he is confined at the SCC (*see* Dkt. 49, p. 4), Defendant Sziebert's proposal would seem to adequately address Plaintiff's need to record depositions in compliance with Fed. R. Civ. P. 30.

Finally, Defendant Sziebert's proposed solution could have been achieved easily enough through a good faith effort to meet and confer on discovery matters. The Court notes Plaintiff did not indicate he had made arrangements for a tape recorder until he filed his motion to compel; for his part, Defendant Sziebert did not propose a telephonic deposition until he filed his response to Plaintiff's motion. *See* Dkt. 49, pp. 14, 17. In the future, the Court directs both parties attempt a more robust discussion of discovery disputes prior to seeking judicial relief.

Accordingly, Plaintiff's Motion to Compel is denied.

ORDER ON PLAINTIFF'S MOTION FOR
ENLARGEMENT OF TIME TO COMPLETE
DISCOVERY AND PLAINTIFF'S MOTION TO
COMPEL DISCOVERY - 3

**II.     Motion for Appointment of Counsel**

Plaintiff also seeks an order appointing counsel, or, in the alternative, stand-by counsel. Dkt. 49, p. 4.

No constitutional right to appointed counsel exists in a Section 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981); *see United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is discretionary, not mandatory"). However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (*quoting Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts showing he has an insufficient grasp of his case or the legal issues involved and an inadequate ability to articulate the factual basis of his claims. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

Here, Plaintiff argues counsel should be appointed for him due to the logistical difficulties he has encountered in attempting to conduct and record depositions. But, Plaintiff has not demonstrated this case involves complex facts or law. Further, a review of Plaintiff's pleadings, motions, and other submissions in the record reflects Plaintiff understands the legal issues involved in his claim, and has been able to adequately articulate a factual basis for his claims. Accordingly, Plaintiff's Motion is denied without prejudice.

ORDER ON PLAINTIFF'S MOTION FOR
ENLARGEMENT OF TIME TO COMPLETE
DISCOVERY AND PLAINTIFF'S MOTION TO
COMPEL DISCOVERY - 4

**III.     Motion for an Extension of Time**

Plaintiff requests the deadline for the completion of discovery be extended to June 30, 2017. Dkt. 51. Defendant Leslie Sziebert has no objection to the proposed extension. Dkt. 52.

After consideration of the record, Plaintiff's Motion is granted in part and denied in part. The Court notes Plaintiff has previously requested, and received, an extension of time for discovery through January 31, 2017. Dkt. 47. Plaintiff's request for a five-month extension is premature. Accordingly, the Pretrial Scheduling Order (Dkt. 21) is amended as follows:

(1)     All discovery shall be completed by March 30, 2017.

(2)     Any dispositive motion shall be filed and served on or before April 28, 2017.

The Court also notes this is Plaintiff's third request for an extension of time to complete discovery. Thus, further extensions of time to complete discovery will be granted only upon a showing of good cause.

Dated this 9th day of December, 2016.

David W. Christel
United States Magistrate Judge

ORDER ON PLAINTIFF'S MOTION FOR
ENLARGEMENT OF TIME TO COMPLETE
DISCOVERY AND PLAINTIFF'S MOTION TO
COMPEL DISCOVERY - 5